IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,

     Plaintiff,

v.

BENDINELLI LAW FIRM, P.C.,

     Defendant.

---

## COMPLAINT

---

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended by the Pregnancy Discrimination Act of 1978 ("PDA"), and Title I of the Civil Rights Act of 1991, to correct unlawful employment practices on the basis of pregnancy, and to provide appropriate relief to Jennifer Rodriguez, who was discharged by the Bendinelli Law Firm, PC because of her pregnancy. As alleged with greater detail below, Ms. Rodriguez was hired by the Bendinelli Law Firm as a Legal Assistant and performed her duties in a satisfactory manner.  The Bendinelli Law Firm terminated Ms. Rodriguez one day after being informed by Ms. Rodriguez of her pregnancy.

## JURISDICTION AND VENUE

1.      Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331,

1337, 1343 and 1345.  This action is authorized and instituted pursuant to Section

706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended by

the Pregnancy Discrimination Act, 42 U.S.C.§ 2000e-5(f)(1), (3) and 2000e(k)**,** and

pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2.      The employment practices alleged to be unlawful were committed within

the jurisdiction of the United States District Court for the District of Colorado.

## PARTIES

3.      Plaintiff, the Equal Employment Opportunity Commission (the

"Commission"), is the agency of the United States of America charged with the

administration, interpretation and enforcement of Title VII and is expressly authorized to

bring this action by Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and

(3).

4.      At all relevant times, Defendant, Bendinelli Law Firm PC (the "Employer"),

has continuously been a Colorado corporation doing business in the State of Colorado

and the Cities of Denver, Westminster, and Fort Collins and has continuously had at

least 15 employees.

5.     At all relevant times, Defendant Employer has continuously been an employer engaged in an industry affecting commerce under Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

## ADMINISTRATIVE PROCEDURES

6.     More than thirty days prior to the institution of this lawsuit, Jennifer Rodriguez filed a charge with the Commission alleging violations of Title VII by Defendant Employer.

7.     The EEOC provided Defendant with notice of the charges of discrimination.

8.     EEOC investigated the charges of discrimination.

9.     Based on evidence uncovered during the EEOC's investigation, on August 7, 2017, the Commission issued to Defendant Employer a Letter of Determination finding reasonable cause to believe that Title VII, as amended was violated.

10.     The Commission's determinations included an invitation for Defendant to join the Commission in informal methods of conference, conciliation, and persuasion in an attempt to eliminate and remedy the alleged unlawful employment practices.

11.     The Commission and Defendant were unable to reach an agreement acceptable to the Commission through the conciliation process.

12.     On September 13, 2017, the Commission issued to Defendant Employer a Notice of Failure of Conciliation advising Defendant that the Commission was unable to secure from Defendant a conciliation agreement acceptable to the Commission.

13.     All conditions precedent to the institution of this lawsuit have been fulfilled.

## STATEMENT OF CLAIMS

14.     On or about January of 2017, Jennifer Rodriquez applied for a legal Assistant position with Defendant Employer.

15.     Ms. Rodriquez was interviewed several times by Defendant Employer.

16.     On or about January 30, 2017, Defendant Employer hired Jennifer Rodriguez for a Legal Assistant position with its law firm.

17.     On or about January 30, 2017, Jennifer Rodriguez was approximately 6 to 7 months pregnant.

18.     Jennifer Rodriguez was qualified to perform and did perform the duties required of the Legal Assistant position at Defendant Employer's law firm.

19.     On or about February 9, 2017, Jennifer Rodriguez told Julian Bendinelli that she was pregnant.

20. Julian Bendinelli is a lawyer and associate at Defendant Employer's law firm.

21. Julian Bendinelli is the son of Marco F. Bendinelli.

4

22. Marco F. Bendinelli is the Defendant Employer's principal and founding shareholder.

23. On or about February 10, 2017, Defendant Employer fired Jennifer Rodriguez.

24.     Before terminating Jennifer Rodriguez, Defendant Employer's agent made inquiries and comments to Jennifer Rodriguez about her pregnancy, including but not limited to (a)  whether she suffered from complications due to the pregnancy, (b) whether she intended to "keep the baby" and (c) whether she was acting as a surrogate for another family.

25.     Upon information and belief, Defendant Employer replaced Jennifer Rodriquez with one or two non-pregnant individuals as Legal Assistants.

26.     On or about February 10, 2017, Defendant Employer engaged in unlawful employment practices at its Westminster, Colorado facility, in violation of Section 703(a) of Title VII, as amended by the PDA, 42 U.S.C. 2000(e)(3) and 2000e(k).

27.     Defendant has engaged in unlawful employment practices in violation of Section 703(a)(1) of Title VII and in violation of the PDA, 42 U.S.C. 2000(e)(3) and 2000e(k), by discharging Jennifer Rodriguez because of her pregnancy.

28.     The effect of the practices complained of in paragraphs 14-27 has been to deprive Jennifer Rodriguez of equal employment opportunities and otherwise adversely affect her status as an employee because of her pregnancy.

29.     The unlawful employment practices complained of in paragraphs 14-27 were intentional.

30.     The unlawful employment practices complained of in paragraphs 14-27 were done with malice or with reckless indifference to the federally protected rights of Jennifer Rodriguez.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A.      Grant a permanent injunction enjoining Defendant Employer, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with it, from engaging in pregnancy discrimination, including discharging employees because of pregnancy.

B.      Order Defendant Employer to institute and carry out policies, practices, and programs which provide equal employment opportunities for pregnant women and which eradicate the effects of its past and present unlawful employment practices.

C.      Order Defendant Employer to make whole Jennifer Rodriguez, by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to reinstatement of Jennifer Rodriguez and /or front pay.

D.      Order Defendant Employer to make whole Jennifer Rodriguez by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraphs 14-27, including job search expenses, in amounts to be determined at trial.

E.      Order Defendant Employer to make whole Jennifer Rodriguez by providing compensation for past and future non-pecuniary losses resulting from the unlawful practices complained of in paragraphs 14-27, including emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, humiliation, and other nonpecuniary losses in amounts to be determined at trial.

F.      Order Defendant Employer to pay Jennifer Rodriguez punitive damages for its malicious and reckless conduct, as described in paragraphs 14-27  this complaint, in amounts to be determined at trial.

G.      Grant such further relief as the Court deems necessary and proper in the public interest.

H.      Award the Commission its costs of this action.

RESPECTFULLY SUBMITTED this 28th day of September, 2017.

MARY JO O'NEILL
Regional Attorney

LORETTA MEDINA
Supervisory Trial Attorney

s/ Karl Tetzlaff
_____
Kart Tetzlaff
Trial Attorney

EEOC Denver Field Office
303 E. 17th Avenue, Suite 410
Denver, CO 80203
Phone: (303) 866-1378