IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLORADO

Civil Action No. 17-CV-02354-RM-KMT

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,

   Plaintiff,

v.

BENDINELLI LAW FIRM, P.C.,

   Defendant.

---

## CONSENT DECREE

---

## I.   RECITALS

This matter was instituted by Plaintiff, Equal Employment Opportunity Commission ("Commission" or "Plaintiff" or "EEOC"), an agency of the United States government, alleging that Defendant Bendinelli Law Firm, P.C. (hereinafter "Bendinelli") discriminated against Jennifer Rodriguez (hereinafter "Rodriguez") in violation of Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991. Specifically, EEOC alleges that Bendinelli, upon discovering that Rodriguez was pregnant, would no longer permit her to work at the Bendinelli Law Firm as a Legal Assistant and ultimately terminated her employment because of her pregnancy. Defendant Bendinelli denies these allegations.

1.     The parties to this Decree are the Plaintiff EEOC and the Defendant Bendinelli (together, the "Parties").

2.     The Parties, desiring to settle this action as between them by an

appropriate Consent Decree ("Decree"), agree to the jurisdiction of this Court over the Parties and the subject matter of this action, and agree to the power of this Court to enter this Decree enforceable against Bendinelli.

3.      As to the issues resolved, this Decree is final and binding upon the Parties and their successors and assigns.

4.      For the purpose of amicably resolving disputed claims, the Parties jointly request this Court to adjudge as follows:

**IT IS ORDERED, ADJUDGED, AND DECREED AS FOLLOWS:**

## II.      JURISDICTION

5.      The Parties stipulate to the jurisdiction of the Court over the Parties and subject matter of this action and have waived the entry of findings of fact and conclusions of law.  The Parties agree that this Decree is fair, reasonable, and equitable and does not violate the law or public policy.

## III.      TERM AND SCOPE

6.      Term:  The duration of this Decree shall be twenty-four months from the date of signing by the Court (the "Term").

7.      Scope:  The terms of this Decree shall apply to Bendinelli firms in the Denver, Colorado area, and to any and all other law firms which may be owned or operated by Marco F. Bendinelli in Colorado during the Term.

## IV.      ISSUES RESOLVED

8.      This Decree resolves the claims alleged in the above-captioned lawsuit, including claims by the Commission on behalf of Rodriguez, and constitutes a complete resolution of all of the Commission's claims against Bendinelli for an alleged unlawful employment practice including claims for back pay, front pay, compensatory

and punitive damages, injunctive relief, and interest, that arise from or relate to the Charge of Discrimination Number 541-2017-00821C filed by Rodriguez.

9.      Bendinelli and its officers, agents, employees, successors, and all other persons in active concert or participation with any of them will cooperate in the implementation of this Decree.

## V.      MONETARY RELIEF

10.      The settlement of disputed claims is hereby entered in favor of the Commission and against Bendinelli in the amount of thirty-thousand dollars ($30,000.00) for monetary relief on behalf of Rodriguez.

11.      Neither this Decree nor Bendinelli's obligations hereunder shall be conditioned on Rodriguez's agreement to: (a) maintain as confidential the terms of this Decree or the facts of the case; (b) waive her statutory right to file a charge in the future with any federal or state anti-discrimination agency for matters beyond the scope of the Issues Resolved as described in ¶ 8; or (c) promise not to reapply for a position at any of Bendinelli's facilities.

12.      The monetary relief described in ¶ 10 shall be allocated as follows: (a) back pay in the amount of $10,000.00 and (b) non-pecuniary compensatory damages in the amount of $20,000.00. Payments designated back pay shall be reported on IRS form W-2. Defendant shall be responsible for paying its share of payroll taxes for back pay and in accordance with either a newly submitted W-4 or the most recent W-4 on file with Defendant, withholding applicable payroll taxes owed by the payee. Otherwise, payments to Rodriguez shall be for non-pecuniary compensatory damages only. Payment designated "non-pecuniary compensatory damages" include compensatory damages allowed by the Civil Rights Act of 1991, 42 U.S.C. §1981a, for

emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other such losses, and these "non-pecuniary compensatory damages" shall be reported on IRS Form 1099. Bendinelli shall make no deductions from the money paid as compensatory damages.

12.1.   Mailing of Payments.  Within ten (10) calendar days of entry of this Decree, Bendinelli shall mail the payment provided for in ¶¶ 10 and 12 in a form made payable to Rodriguez at the address supplied by the Commission, with a copy also sent to the EEOC.

12.2.   Tax Forms.  Bendinelli shall issue a form 1099 to Rodriguez for the settlement amount, and mail the form(s) to Rodriguez at the address provided by EEOC pursuant to ¶ 12.1 in accordance with Bendinelli's normal payroll practices and schedules for mailing tax forms to employees, unless otherwise notified by the EEOC of Rodriguez's address change.

12.3.   Administrative Costs.  Rodriguez shall not be responsible for any of Bendinelli's administrative or other costs for the process of distributing the settlement funds to Rodriguez under this Decree, including, but not limited to, postage, supplies, clerical services, accounting services, and tax return preparation incurred by Bendinelli in performing its duties under this Decree.

VI.   OTHER INDIVIDUAL RELIEF

13.   Bendinelli shall expunge from Rodriguez's personnel files, to the extent in Bendinelli's possession: (a) any and all references to the allegations of discrimination filed against Bendinelli that formed the basis of this action; (b) any and all references to Rodriguez's participation in this action; and (c) any and all documents that refer to, make reference to, or relate to any alleged performance deficiencies.

14.     Bendinelli shall expunge the termination from Rodriguez's record and shall ensure that all such records reflect that Rodriguez voluntarily resigned from employment.

15.     Within ten (10) calendar days after entry of this Decree, Bendinelli shall provide a letter of employment to Rodriguez which discusses her employment of Legal Assistant duties on company letterhead signed by a principal or manager of Bendinelli, in the form attached as Exhibit A.

### VII.     EQUITABLE RELIEF

16.     Injunctive Relief

16.1.   Bendinelli, its officers, agents, successors, and other persons in active concert or participation with it, or any of them, are enjoined during the Term from engaging in any employment practice which discriminates on the basis of pregnancy.

16.2.   Bendinelli, its officers, agents, successors, and other persons in active concert or participation with them, or any of them, acknowledge they will abide by Title VII of the Civil Rights Act of 1964, as amended.

17.     <u>EEO Policies, Distribution, and Implementation</u>.

17.1.   Within 60 days of the entry of this Decree, Bendinelli shall develop and implement new EEO policies and procedures to ensure that equal employment opportunities are afforded to employees under Title VII and proscribing discrimination in violation of Title VII and the Pregnancy Discrimination Act. The new EEO policies shall also contain a policy proscribing retaliation against any employee who complains about discrimination or files a charge of discrimination, or otherwise engages in a protected activity under Title

VII ("Anti-Retaliation Policy").  The Anti-Retaliation Policy within Bendinelli's new

EEO policies shall contain a description of the consequences, up to and

including termination that shall be imposed upon violators of the policy and an

assurance of non-retaliation against persons and witnesses who report to

Bendinelli that they believe they or other employees have been subjected to

unlawful discrimination.

17.2.   The written EEO policies must include at a minimum:

17.2.1.      A strong and clear commitment to preventing unlawful

discrimination, harassment and/or retaliation based on any Title VII

protected class.  This includes but is not limited to, a strong and clear

commitment to preventing unlawful discrimination on the basis of

pregnancy

17.2.2.      A statement that discrimination, harassment, and/or

retaliation based on any protected class under Title VII will not be

tolerated.

17.2.3.      A clear and strong statement encouraging persons

who believe they have been discriminated or retaliated against to report

such concerns; and a clear and strong statement that any retaliation for

opposing illegal discrimination and/or harassment will not be tolerated.

17.2.4.      The identification of specific individuals, with

telephone numbers and emails, to whom employees can report their

concerns about discrimination, harassment, or retaliation;

17.2.5.      A clear explanation of the steps an employee may

take to report discrimination, harassment or retaliation, which must include the options of either an oral or written complaint.  The reporting mechanism must also allow for an employee to report discrimination, harassment or retaliation to a person not responsible for alleged conduct giving rise to the underlying complaint of discrimination;

17.2.6.    A statement that Bendinelli investigates any allegation of any activity that might be construed as discriminatory practices, and that such investigation will be prompt, fair, and reasonable, and conducted by a person not responsible for alleged conduct giving rise to the underlying complaint of discrimination;

17.2.7.    An assurance that appropriate corrective action will be taken by Bendinelli to remedy any discrimination it finds and to eradicate the unlawful conduct within its workforce;

17.2.8.    A description of the potential types of consequences, up to and including termination, that will be imposed upon violators of Bendinelli's anti-discrimination policies;

17.2.9.    An assurance that confidentiality will be maintained to the extent possible for any persons who report unlawful discrimination, harassment, and/or retaliation, or who participate in an investigation into allegations of discrimination, harassment, and/or retaliation; and

17.2.10.    An assurance of non-retaliation for persons who report unlawful discrimination, harassment, and/or retaliation, and for witnesses who provide testimony or assistance in the investigation(s) of

such unlawful discrimination, harassment, and/or retaliation.

Within 30 days after development of the policies required above, the written EEO policies shall be set forth in the Bendinelli firm's employee handbook and shall also be distributed to all new employees within 48 hours of when the new employee is hired.  Bendinelli shall translate these written policies to any language utilized by five percent or more of its employees.

18.     Bendinelli shall retain documents related to the investigation of any discrimination or retaliation complaint apart from employee personnel files, in a separate location.  Any complaints and disciplinary actions taken against employees for violation of Bendinelli's Anti-Discrimination or Anti-Retaliation policies will be retained in the alleged offender's personnel file.

19.     <u>Training.</u>

19.1.   At least annually during the Term, Bendinelli shall provide EEO training for all its employees.  Under this provision, employees will be trained at a minimum in the following areas: (a) Bendinelli's policies and procedures as described above in ¶ 17, including those for reporting alleged discrimination and retaliation; (b) understanding the kind of conduct which may constitute unlawful discrimination, including but not limited to, sex or pregnancy discrimination, retaliation or harassment; (c) the penalties of engaging in discriminatory behavior; (d) Bendinelli's non-retaliation policy; and (e) that it is unlawful to engage in discriminatory practices.  All training under this paragraph shall be at Bendinelli's selection and expense.  The trainer(s) or qualified professional(s) shall be an outside vendor, not employed by Bendinelli, selected by Bendinelli.

Sixty (60) days before any training session required by this paragraph, Bendinelli shall send to EEOC the proposed trainer(s) resume(s) and agendas. If EEOC has any comment about the trainer(s) or agenda, EEOC will provide that to Bendinelli within thirty (30) days of receiving the training information.  The trainer(s) shall be a professional, which may include an attorney, regularly practicing in the field of employment discrimination law.  All training must be live, in-person training.  However, Bendinelli may, at its election, provide additional training in-person, by video, by webinar, by audio, or by any combination of these methods or another similar method.  The training will be conducted as follows during the Term:

19.2.   <u>Non-managerial Employees</u>: At any and all of Bendinelli's Colorado firms or facilities, Bendinelli will provide non-managerial employees at least two hours of annual training on Title VII and other federal anti-discrimination laws, including Title VII's prohibitions on discrimination based on pregnancy, harassment, and retaliation.  During this training, Bendinelli will review its EEO policies (as described in ¶17) and have each employee sign that they have read and understand the policies.  Attendance will be mandatory for every employee on the days of such training.  Additionally, Bendinelli will require newly hired employees to complete one hour of general EEO training in line with this subparagraph within 60 days of their date of hire.  New employees may complete this training in-person, by video, by webinar, by audio, or by any combination of these methods or another similar method.

19.3.   <u>Managerial or, Supervisory Employees</u>: In addition to the training

referenced in ¶ 19.2, Bendinelli will also require all individuals who work in a managerial or supervisory capacity to receive at least two (2) hours of additional training annually regarding Title VII and other federal anti-discrimination laws. One hour must directly address discrimination and harassment based on sex and pregnancy.  In addition, one hour must be instruction in the proper methods of receiving, communicating, investigating (where applicable), and ameliorating discrimination, as well as best practices to ensure that Bendinelli does not retaliate against employees who oppose discrimination or harassment. Bendinelli shall emphasize with managerial and supervisorial employees that due to their position of power, such employees (1) must be particularly vigilant not to discriminate, whether consciously or because they rely on subconscious stereotypes; (2) must be sensitive of how their actions or words might be perceived by subordinate employees; and (3) must avoid the temptation to retaliate against an employee because a complaint is made, or might be made, against them.  Additionally, Bendinelli will require employees who are newly hired for or recently promoted into a managerial or supervisory position to complete the requisite two hours of additional training within 60 days of being hired or promoted.  New employees under this paragraph may complete this training in-person, by video, by webinar, by audio, or by any combination of these methods or another similar method.

19.4.   <u>Training on Investigative Techniques</u>:  In addition to the training referenced in ¶¶ 19.2 and  19.3, Bendinelli shall also provide all employees with responsibility for responding to or investigating complaints of discrimination, two

additional hours of annual training instructing on accepted professional standards for receiving and investigating complaints of discrimination, including such matters as witness interview techniques, other evidence-gathering techniques, maintaining investigative notes and records, legal analysis of the evidence, and methods for eliminating and ameliorating violations of anti-discrimination law.

19.5.   Bendinelli agrees that the first such training session for each employee group identified in ¶¶ 19.2, 19.3 and 19.4 above will take place within 90 days after the Court's entry of this Decree.  The Commission, at its discretion, may designate one or more Commission representatives to attend any of the training sessions described above, and the Commission representatives shall have the right to attend, observe, and fully participate in all of the sessions.  Bendinelli shall provide the Commission with thirty (30) days' notice that a training session will be conducted, or alternatively, Bendinelli may provide a comprehensive schedule of trainings planned for the year or for a number of months (provided that Bendinelli provides the schedule to the Commission no less than thirty (30) days before the earliest training listed on the schedule).

20.   Notice Posting.  Within five (5) business days after the Court's entry of this Decree, Bendinelli shall post at each of its firms or facilities in Colorado, in a conspicuous place frequented by employees, the Notice attached as Exhibit B to this Decree.  The Notice shall be the same type, style, and size as set forth in Exhibit B, and shall be posted in English and any language used by five percent or more of

Bendinelli's employees.  The Notice shall remain posted for the Term of this Decree.  If the Notice becomes defaced or illegible, Bendinelli will replace it with a clean copy. Within 10 days of entry of this Decree, Bendinelli shall e-mail EEOC clear photos that certify that the Notice has been properly posted in compliance with this Decree. Bendinelli shall provide recertification on every anniversary of the date of this Decree during the Term of this Decree.

21.    <u>EEO Compliance as a Component of Supervisory Evaluation</u>.  Bendinelli shall, within sixty (60) days of the entry of this Decree, develop and implement a management evaluation system which includes EEO compliance, including compliance with Title VII's prohibition against pregnancy discrimination, compliance with policies and laws prohibiting retaliation, and compliance with this Decree as factors which shall be used to evaluate all supervisory employees, including but not limited to all supervisors or managers responsible for any and all Bendinelli firms or facilities in Colorado.  Bendinelli shall maintain and utilize this evaluation system continuously for the Term of this Decree.

VIII.    RECORD KEEPING AND REPORTING PROVISIONS

22.     Bendinelli shall provide reports to the Commission every six (6) months during the first year of the Decree and one report 90 (days) before the expiration of the Decree to document Bendinelli's compliance with each provision of the Decree. In the first year of the Decree the first two reports shall be due thirty (30) days following the preceding six-month period, and the final report in the second year of the Decree shall be submitted to the Commission ninety-days prior to the date on which the Consent Decree is to expire.

23.    <u>Reporting Requirements</u>.  Each report shall provide the following

information:

23.1.   <u>Reports of Discrimination</u>.

23.1.1.   For purposes of this Paragraph, the term "report of discrimination" will include any written or verbal complaint which alleges discrimination, or the witnessing of discrimination, harassment and/or retaliation, regardless of the terminology used to describe the complaint. The complainant need not invoke the terms "discrimination," "Title VII," "disparate treatment," "violation," or "rights," etc.  Employees are not trained in legalese and frequently use such terms as "unfair," "unprofessional," "uncomfortable," "unjust," "retaliatory," "treated differently," or "disciplined without or for no reason" and other such language that indicates an allegation of discrimination.

23.1.2.   The report will include:

23.1.2.1.   The name, address, email address, and telephone number of each person making an allegation of discrimination to Bendinelli or to any federal, state, or local government agency;

23.1.2.2.   The name, address, email address, and telephone number of each person identified as a potential witness to the incident of discrimination;

23.1.2.3.   A brief summary of each complaint, including the date of the complaint, the name of the individual(s) who allegedly engaged in the discriminatory conduct, Bendinelli's

investigation and response to the complaint, the name of the

person who investigated or responded to the complaint, and what,

if any, resolution was reached; and

23.1.2.4.     Bendinelli will preserve copies of all

documents memorializing or referring to the complaint,

investigation, and/or resolution thereof.

23.2.   <u>Terminations</u>:  A list of every employee terminated or otherwise

disqualified from employment for reasons other than attendance, including no

call no show or quality of work, during each reporting period.  Include:  name;

address and phone number; date of birth; position; termination date; and reason

for termination or disqualification.

23.3.   <u>Training</u>:  For each training program required by this Decree, and

conducted during the reporting period, Bendinelli shall: (a) submit a registry of

attendance/participation; (b) identify the vendor who facilitated the training;

and(c) provide copies of the vendor's resume, the training materials that are

provided to Bendinelli employees, and Agendas for the training required by this

Decree.

23.4.   <u>Posting of Notice</u>:  Bendinelli shall certify to the Commission that

the Notice required to be posted under ¶ 20 of this Decree has remained posted

during the reporting period, or, if removed, was promptly replaced.

23.5.   <u>Policy Review</u>:  Bendinelli shall submit a copy of the EEO policies

required under ¶ 17 above.

23.6.   <u>Letter of Employment</u>.  Bendinelli shall submit a copy of the letter

of employment required under ¶ 15 above.

    23.7.   <u>Expungement</u>: Bendinelli shall certify to the Commission that the expungements required under ¶¶ 13 and 14, to the extent applicable, occurred.

24.   For the Term of this Decree, Bendinelli shall maintain all records concerning implementation of this Decree, including, but not limited to, all of the following:

    24.1.   Personnel files;

    24.2.   Termination or suspension of any employee who is or was pregnant; and

    24.3.   Complaints of discriminatory practices, including witness statements, documents compiled conclusions and findings, and any corrective and remedial actions taken.

## IX.   RETENTION OF JURISDICTION AND ENFORCEMENT OF DECREE

25.   This Court shall retain jurisdiction of this cause for purposes of compliance with this Decree and entry of such further orders or modifications as may be necessary or appropriate to effectuate equal employment opportunities for employees during the Term.

26.   The terms of this Decree shall be binding upon the EEOC, United States, and Bendinelli Law Firm, P.C., and their respective agents, officers, principals, successors, and assigns as to the issues resolved in this civil action.

27.   In the event of non-compliance, the Commission may petition this Court for compliance with this Decree at any time during which this Court maintains jurisdiction over this action. The Commission agrees to provide Bendinelli with notice of any non-compliance with this Decree and allow Bendinelli thirty (30) calendar days to

correct the non-compliance before seeking relief from the Court.  Should the Court determine that Bendinelli has not complied with this Decree, appropriate relief, including extension of this Decree for such period as may be necessary to remedy its non-compliance may be ordered. An award of attorney's fees and costs, and fines for contempt of court, may be ordered.

28.    Absent extension, this Decree shall expire by its own terms at the end of the 24th month from the date of entry without further action by the Parties.

## X.    EEOC AUTHORITY

29.    With respect to matters or charges outside the scope of this Decree, this Decree shall in no way limit the powers of the Commission to seek to eliminate employment practices or acts made unlawful by any of the statutes over which the EEOC has enforcement authority, and do not arise out of the claims asserted in this lawsuit.

## XI.    COSTS AND ATTORNEY'S FEES

30.    Each party shall be responsible for and shall pay its own costs and attorney's fees.

## XII.    NOTICE

31.    Unless otherwise indicated, any notice, report, or communication required under the provisions of this Decree shall be sent by certified mail, postage prepaid, as follows:

Karl Tetzlaff
Trial Attorney
EEOC Denver Field Office
303 East 17th Avenue, Suite 410
Denver, CO  80203

## XIII.  SIGNATURES

32.    The Parties agree to the entry of this Decree subject to final approval by

the Court.

**SO ORDERED** this 19th day of September, 2018.

BY THE COURT:

_____
RAYMOND P. MOORE
United States District Judge

**BY CONSENT:**

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION                    Bendinelli Law Firm, P.C.


By: _____            By: _____
        Mary Jo O'Neill                          Marco F. Bendinelli
        Regional Attorney


Date: _____              Date: _____


**APPROVED AS TO FORM:**


_____          _____
Karl Tetzlaff                            Alice Conway Powers, Lewis Brisbois
Trial Attorney                           Attorneys at Law
EEOC Denver Field Office                 1700 Lincoln Street, Suite 4000
303 East 17th Avenue, Suite 410          Denver, CO  80203
Denver, CO  80203

Attorney for EEOC                        Attorneys for Bendinelli Law Firm, P.C.

**EXHIBIT A**

**LETTER OF EMPLOYMENT**

To Whom It May Concern:

This letter serves to verify that Jennifer Rodriguez worked at Bendinelli Law Firm, P.C. from January 30, 2017 to February 10, 2017 as a Legal Assistant. Jennifer's duties as a Legal Assistant included the following: creating new case files in a physical and electronic format; drafting initial letters of representation, letters to health insurance carriers, motor insurance carriers, and clients; contacting the police department, insurance carriers, medical providers, and clients; coordinating client medical appointments; and ordering medical records.

Date: _____          _____

                                     Bendinelli Law Firm, P.C.

**EXHIBIT B**

**NOTICE**

The following notice is being posted pursuant to the terms of a Consent Decree reached between the Parties in *EEOC v. Bendinelli Law Firm, P.C.* filed in the United States District Court for the District of Colorado, Civil Action No. 17-CV-02354-RM-KMT.  Under federal law, it is unlawful for an employer to discriminate or harass based on, sex (which includes pregnancy), race, national origin, color, religion, age, disability, or genetic information.  Further, it is unlawful for any employer to retaliate against an employee because he or she has opposed discriminatory employment practices, or because he or she has filed a charge of discrimination with any municipal, state or federal equal employment opportunity agency, or because he or she has participated in an investigation of a charge of discrimination.

Under the policies of Bendinelli Law Firm, P.C. (Bendinelli), employees are entitled to work in an environment free of discrimination or harassment based on sex (including pregnancy), disability, race, color, religion, national origin, age (over 40), or genetic information.   Employees are encouraged to report any conduct believed to be unlawful discrimination or harassment.  Bendinelli will not tolerate any form of retaliation against employees that oppose such discrimination and/or harassment.

Bendinelli respects the right of its employees to work in an environment free from discrimination, including pregnancy discrimination and free from harassment and will comply with the requirements of Title VII by prohibiting all discrimination based on sex (including pregnancy), race, national origin, color, religion, age, disability, genetic information, and/or retaliation.

**Reporting Improper Conduct:**  If you are aware of any events, conduct, or

information which you believe may indicate some unlawful discrimination (including discrimination based on pregnancy), harassment, or retaliation, it is very important that you report the information so that steps may be taken to investigate and remedy any unlawful discrimination (including discrimination based on pregnancy, harassment, or retaliation which has been found to exist.  You may report such matters to the Bendinelli firm, the EEOC, or the agency of your state that enforces the state's anti-discrimination laws, as set forth below.

**Reporting to Bendinelli:**  Within Bendinelli, you may make such a report to your supervisor, manager, the owner of the firm, or human resources personnel.  By reporting in this manner, you do not waive any right to file a charge of discrimination with EEOC or the agency of your state that enforces the state's anti-discrimination laws.

**Reporting to the EEOC:**  EEOC is the federal agency responsible for enforcing federal laws prohibiting employment discrimination based on race, color, religion, sex (including pregnancy), national origin, age (over 40), disability, or genetic information.  Any employee who believes that he/she has suffered discrimination on the basis of race, sex, national origin, color, religion, and/ or retaliation has the right to contact:

**Equal Employment Opportunity Commission**
303 East 17th Avenue, Suite 410
Denver, CO  80203
Telephone: (303) 866-1317
Website (national): www.eeoc.gov

**Colorado Civil Rights Division**
1560 Broadway, Suite 1050
Denver, CO 80202-5143
Telephone: (303) 894-2997
www.dora.state.co.us/Civil Rights

In compliance with federal law, no official at any Bendinelli firm or facility will retaliate against an employee who makes an internal complaint of discrimination or who contacts the EEOC or its state counterpart.

This Notice shall remain posted for the term of two years.

Bendinelli Law Firm, P.C.

By: _____       Date: _____